## Vincenzo Pagnoni's (dependents') Case.

Suffolk.    February 4, 1918. — March 8, 1918.

Present: Braley, De Courcy, Crosby, & Pierce, JJ.

*Workmen's Compensation Act,* Dependency.

In a claim under the workmen's compensation act by the alleged dependents of a deceased employee, where there is no one wholly dependent and the next of kin partly dependent are the father and mother of the employee living in a foreign country, to whom he may have made contributions from his wages for their joint benefit, in the absence of any finding as to the relative extent of the dependency of the two parents it is wrong for the Industrial Accident Board to make an award of compensation to the father and mother jointly, and, where the board made such a joint award, it was *ordered* that the claim should be remanded to the board for determination of the relative extent of the dependency of the two parents under St. 1911, c. 751, Part II, § 7.

Appeal under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board making an award to Santa Pagnoni and Guiseppe Pagnoni jointly, the mother and father of Vincenzo Pagnoni, a deceased employee, as his next of kin partly dependent upon his earnings for support at the time of his injury and death.

The case first was heard by *Hardy,* J.   The judge made a decree in accordance with the decision of the Industrial Accident Board; and the insurer appealed.   Later, on motion of the insurer the case was remanded to the Industrial Accident Board for correction and amplification of the record.   The essential facts are stated in the opinion.   The board again made the same decision, and on appeal this decision was affirmed by a decree made by *J. F. Brown,* J.; and the insurer again appealed.

*N. F. Hesseltine & J. F. Scannell,* for the insurer, submitted a brief.

*G. Gleason,* for the dependents.

De Courcy, J.   It is agreed that the employee died from an injury arising out of and in the course of his employment.   The committee of arbitration found that the claimants Santa Pagnoni and Giuseppe Pagnoni, the mother and father of the deceased, were partly dependent upon his earnings for support at the

date of his injury and death and awarded compensation at the rate of $2.56 per week for five hundred weeks. The Industrial Accident Board on review affirmed the findings and decision of the committee.

The only issue tried was that of the dependency of the claimants. Although the insurer filed more than fifty requests for rulings, we deem it necessary to consider only the three questions argued on its brief.

1. The claim for compensation filed by the attorney for the dependents on July 21, 1915, is the one relied on; and it complies with all the requirements of the statute. It states the time, place, cause and nature of the injury; it is signed on behalf of the dependents by the attorney who represented them at the hearing; and it was filed within six months after the death of the employee. St. 1911, c. 751, Part II, (as amended by St. 1912, c. 571, § 5,) §§ 23, 15.

2. The contention, that alien non-resident dependents are not entitled to compensation under our workmen's compensation act, is disposed of by *Derinza's Case*, 229 Mass. 435.

3. The award was made to the mother and father jointly. The statute (Part II, § 7) provides that: ". . . if there is no one wholly dependent and more than one person partly dependent, the death benefit shall be divided among them according to the relative extent of their dependency." In this case the board made no finding as to the relative extent of the dependency; and the difficulty of doing so is apparent where the contributions may have been made for the joint benefit of both parents. The claimants, however, are willing to have the entire amount awarded to the father, who was the head of the family; and to rely upon having the case reopened for further hearing if the father should die during the period of compensation, leaving the mother surviving. *Bartoni's Case*, 225 Mass. 349. In our opinion the present award is not in compliance with the statute. If it is to be made to both parents, the relative extent of their dependency individually must be found. See *Osterbrink's Case*, 229 Mass. 407.

The decree must be reversed, and the case remanded to the board to make an award in accordance with the terms of this opinion.

*Ordered accordingly.*