### JOSEPH DOHERTY's (dependent's) CASE.

Suffolk.   October 7, 1931. — December 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Dependency.

Evidence, at the hearing of a claim under the workmen's compensation act based on the death of an adult employee resulting from injuries arising out of and in the course of his employment, that the employee, who lived with his father and mother, had paid his mother a certain sum weekly as board, had given her a rug and had contributed supplies and made gifts on various occasions, did not warrant a finding that the father, who was employed regularly at a salary of $42 per week, was partially dependent on the employee, in the absence of evidence that the father needed the assistance of the employee and that he was supported in part by the contributions of the employee.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board that the father of the em-

ployee was partially dependent upon him, and awarding compensation accordingly.

Material evidence is stated in the opinion. By order of *Cox*, J., a decree was entered in accordance with the board's decision. The insurer appealed.

*P. L. Keenan*, for the insurer.

*C. P. O'Shea*, for the claimant, submitted a brief.

CARROLL, J. In this proceeding under the workmen's compensation act, the question to be decided is the dependency of the claimant. The employee was injured while in the course of his employment and died as a result of his injuries on April 19, 1929. He was twenty-two years of age and lived with his father and mother. His brother and sister paid a part of their wages to their mother; she testified that "she considers [these payments] for their board." The claimant, the father of the deceased, is a police officer and was paid $42 a week. There was evidence that the deceased paid his mother "about $15 a week"; that he gave her a rug which cost about $80 and on one occasion supplied five or six tons of coal and made gifts and contributions; that while the employee was idle, from October to February, he paid $15 a week from money he had saved. The insurer appealed from a decree ordering compensation to be paid the claimant as one partially dependent for support on the earnings of the employee.

The statute, G. L. c. 152, § 1 (3), provides that dependents are members of the employee's family or next of kin who are wholly or partly dependent upon the earnings of the employee for support at the time of the injury.

The claimant does not come within § 32 of the statute defining those who are conclusively presumed to be wholly dependent for support on the deceased employee. The father is entitled to partial compensation if there was any evidence which would warrant the board in deciding that he depended in part for his support on the earnings of the deceased.

There was no evidence to support such a finding. One is not partially dependent for support upon the earnings of a son merely because the son pays for his board or supplies

the home with articles, or gives his parents certain gifts. To recover the claimant must show that he depended for support on the earnings of the son. The father was self-sustaining. He was regularly employed; he was able to support and did support his family by his own earnings. It was not enough to establish dependency to show that the money received from the son was a benefit to him and to the family. There must be evidence that the father depended in some degree for his support upon the earnings of his son; that there was need on the part of the parent, and that he was in fact supported in part by the contributions of the son. There was no such evidence and the decree is to be reversed. See *Fierro's Case,* 223 Mass. 378, 380; *Dembinski's Case,* 231 Mass. 261, 262; *Ferriter's Case,* 269 Mass. 267.

*Kenney's Case,* 222 Mass. 401, and *McMahon's Case,* 229 Mass. 48, are to be distinguished.

> *Decree reversed.*
> *Decree to be entered for the insurer.*