RICHARD MUSGRAVE'S (dependent's) CASE.

Suffolk. November 16, 1932. — January 4, 1933.

Present: RUGG, C.J., PIERCE, FIELD, & LUMMUS, JJ.

*Workmen's Compensation Act*, Dependency.

In proceedings under the workmen's compensation act, it was found by the Industrial Accident Board that an employee nineteen years of age had turned over all his earnings to his mother, "as treasurer of the family," which included his father and other minor children; that such sums were mingled by the mother with money earned by

the father and used for the support of the family; that the employee received an injury causing his death and arising out of and in the course of his employment; and that, although the father was able to support his family, he was partially dependent upon the employee and was entitled to "partial dependency" compensation "as head of the family." The decision was not certified to the Superior Court. In subsequent proceedings which were certified to the Superior Court, it was found that "the payment to the father was not made to him as a dependent but as the treasurer of a family to some extent dependent upon the deceased employee." *Held*, that

(1) The award of compensation must be regarded as having been made to the father as an individual and not to the family as a group, for which there is no authority in the workmen's compensation act;

(2) The board's interpretation of the award to the father was erroneous.

In such subsequent proceedings, the Industrial Accident Board found that the father always turned over the compensation received to the mother, who used it for the support of the family; that subsequently the father died; and that the "family has continued to be partially dependent to the same extent as before the death of said father." The proceedings were on a claim by the mother for compensation. It did not appear that, at the time of the employee's death, the claimant depended in any degree for her support upon his earnings, that she needed such support or that any part of his earnings was used for her benefit directly or indirectly. The board awarded compensation to her in the same sum as that previously paid to the father. *Held*, that

(1) The award to the mother must be sustained, if at all, as an award to her individually and not as the representative of a group;

(2) The question of fact, whether the mother was dependent on the employee, must be determined as of the time of his death;

(3) A finding was not warranted that at that time she was dependent upon him;

(4) There was no merit in a contention that the previous award should be reviewed and the right to compensation transferred from the father to the mother;

(5) The award to the mother was erroneous.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence and findings by the board are stated in the opinion. By order of *F. T. Hammond*, J., in the Superior Court, a decree was entered in accordance with the board's decision. The insurer appealed.

*G. Gleason*, for the insurer.

*T. Leboeuf*, for the claimant.

FIELD, J. This is a workmen's compensation case. G. L. (Ter. Ed.) c. 152. The claimant is the mother of the deceased employee. While working for the insured on October 30, 1928, the employee received an injury arising out of and in the course of his employment which resulted in his death on that date. A decree was entered in the Superior Court that the claimant "was partially dependent for support upon the earnings of the employee at the time of his injury, and is entitled to the payment of compensation at the rate of $6.80 a week dating from January 9, 1931, and continuing for the balance of the period of five hundred weeks from October 30, 1928, subject to the provisions of the act." From this decree the insurer appealed.

Previously the father of the deceased employee had claimed to be dependent upon the earnings of the employee for support. On this claim the single member of the Industrial Accident Board made, among others, the following findings and rulings: The employee was nineteen years old. He "turned in to his mother, as treasurer of the family, all of his earnings while working for" the insured; "these earnings were mingled by the mother with the money received by her from her husband for the support of the members of the family, including, besides the employee, the father, mother, and three other children." The "fact that the father was able to support his family without assistance from . . . [the employee] before the latter began to work for the . . . [insured] does not make the father any the less partially dependent upon . . . [the employee's] earnings, to the extent of his contribution to the family fund, after . . . [the employee] actually entered employment." The employee's father was "partially dependent for support" on the employee's earnings and "as head of the family . . . entitled to partial dependency compensation." The reviewing board affirmed and adopted the findings and decision of the single member "under which partial dependency compensation is awarded to the dependent," the father of the employee, "at the rate of $6.80 per week, dating from October 30, 1928, and continuing, for a period of five hundred weeks, subject to

the provisions of the act." This decision, so far as appears, was never presented to the Superior Court.

In respect to the present claim of the mother for dependency compensation the single member found and ruled that as a result of the hearing on the father's claim "it was found that the father, as head of the family of which the deceased employee was a member, was entitled to partial compensation," that "the father died January 29, 1931, and received weekly payments up to January 27, 1931," that the mother testified that during the father's lifetime "he always turned the compensation check over to her; that she cashed it and used it for the support of the family; that she has two children, a daughter . . . aged twelve, and a son . . . aged sixteen; and, that they live with her," that at the hearing on his claim the "father testified flatly that he 'could always earn a living' but the earnings of the deceased employee . . . were needed in part for the support of the family," "that the payment to the father was not made to him as a dependent but as the treasurer of a family to some extent dependent upon the deceased employee," that "this family has continued to be partially dependent to the same extent as before the death of said father," and that payments of $6.80 a week should be continued from the date of the death of the father and paid to the mother "as treasurer of said partially dependent family." The reviewing board affirmed and adopted the findings and decision of the single member and made a further finding in the terms later set forth in the decree of the Superior Court already quoted.

By the first award the entire partial dependency compensation, as appears from findings not here recited, was awarded. This award must be regarded as made to the father individually and not to the family as a group, in spite of the findings that the employee's earnings were turned over to his mother "as treasurer of the family" and that the father was entitled to compensation "as head of the family." *Pagnoni's Case*, 230 Mass. 9, 10, is not an authority to the contrary. The statute contains no provision for awarding partial compensation to dependents

as a group, but provides expressly that if there is "more than one person partly dependent, the death benefit shall be divided among them according to the relative extent of their dependency." G. L. (Ter. Ed.) c. 152, § 32. See also § 31. No such division was made in the present case. Furthermore dependency when, as here, not conclusively presumed must "be determined in accordance with the fact as the fact may be at the time of the injury" (§ 32; *Gleason's Case*, 269 Mass. 583), and at that time the other children were not the employee's dependents (§ 1, cl. 3) and could not properly have been awarded compensation. They were not his next of kin, since his parents survived him (*Cowden's Case*, 225 Mass. 66, 67), and it could not have been found that they were members of a family of which he was the head. *Mahoney's Case*, 228 Mass. 555. It follows that the interpretation of the award to the father made by the board in its decision upon the mother's claim was not justified.

The question for our determination is whether on the evidence and in view of the previous award of compensation to the father as the employee's sole dependent the present award to the mother was warranted.

For reasons indicated in connection with the father's claim, the award of compensation to the mother must be sustained, if at all, as an award to her individually and not to the family as a group. The award of the reviewing board is to be so interpreted. So far as the finding of the single member, adopted by the board, that the family was dependent is inconsistent with the specific finding of the board that the claimant "was in fact partially dependent for support upon the earnings of the employee," it must be disregarded. This finding of the single member furnishes no basis for an award of compensation.

The question of the dependency of the claimant for her support upon the earnings of the employee is to be determined as of the time of his injury. § 32. Since the employee was then over eighteen years of age neither parent was conclusively presumed to be wholly dependent upon him (§ 32), but his mother, being one of his next of kin, was a

person who, if the matter is open, could be found on evidence to have been wholly or partially dependent upon him at the time of his injury.  § 31.

The evidence, however, did not warrant a finding that the claimant was dependent upon the earnings of the employee.  There was no evidence that she depended in any degree for her support upon his earnings, that she needed such support or that any part of his earnings was used directly or indirectly for her benefit.  See *Doherty's Case*, 277 Mass. 339, 341.  Though there was evidence that the employee's earnings were mingled with the household money, it does not appear that any part of such earnings was spent during the lifetime of the employee except for his benefit.  Since the employee's father was alive at the time of the injury he, and not the claimant, was legally entitled to the earnings.  The testimony that such earnings were paid to the claimant and mingled with the household money out of which expenditures were made for the employee's benefit proved no more than a short cut whereby the father received the earnings to which he was legally entitled and used them in pursuance of his legal obligation to support the employee, so that the father alone was benefited.  The case on this point is not distinguishable from *Dembinski's Case*, 231 Mass. 261, 263–264.  *Freeman's Case*, 233 Mass. 287, on the other hand, is distinguishable since in that case there was evidence that the father was not able to support his family, and here there is no such evidence.  In view of the conclusion reached it is not necessary to determine whether the matter of the dependency of the claimant upon the employee is now open after there has been a final decision awarding compensation to the father as the sole dependent.  Compare *O'Reilly's Case*, 258 Mass. 205, 209.  Nor is the correctness of the award of compensation to the father before us in this proceeding. *Panagotopulos's Case*, 276 Mass. 600, 604.

The claimant contends in substance that the original award of compensation to the father of the employee should now be reviewed and the right to compensation transferred to her as of the date of the father's death.  This conten-

tion is based, in part at least, upon the erroneous conception that the compensation was awarded to the family as a whole though paid to the father as its head or representative, and that the proposed transfer would merely substitute the mother as the head or representative of the family. The contention cannot be sustained upon this ground. The matter must be determined on the basis of an award of compensation to the father as an individual and a transfer upon his death of the right to compensation to the mother as an individual who, at the time of the employee's injury, was not dependent upon his earnings for her support.

Since the claimant was not dependent upon the employee at the time of his injury, a transfer of the right of compensation to her is precluded by the express provision of the statute, applicable to this case, that "questions of dependency, in whole or in part, shall be determined in accordance with the fact as the fact may be at the time of the injury." § 32. We recognize fully that the death of the employee may have deprived the claimant of support, after her husband's death, by a son upon whom she might have become dependent if his injury had not been received before his father died. But it is apparent that the Legislature regarded such possibilities as too speculative in character to warrant determination of dependency upon any basis other than the actual conditions at the time of the injury and has made no provision for its determination as of any other time. Compare *Bott's Case*, 230 Mass. 152, 154–155. Such hardship as the claimant may suffer results from the application of a clearly expressed statutory provision.

The principle suggested in *Murphy's Case*, 224 Mass. 592, 595–596, and applied in *Bartoni's Case*, 225 Mass. 349, 354–355, does not go far enough to support the claimant's contention. In *Bartoni's Case*, the right to review weekly payments was recognized (St. 1911, c. 751, Part III, § 12, as amended by St. 1914, c. 708, § 11; see now G. L. [Ter. Ed.] c. 152, § 12), and it was said at page 354, and made the ground of decision, that it "would be 'subject to

the provisions of' the workmen's compensation act to order the payment of weekly compensation to be made to a minor child of the deceased employee actually dependent upon his father for support at the time of the latter's decease, after the decease of his widowed mother." See now G. L. (Ter. Ed.) c. 152, § 31. This decision, however, presupposes that the person to whom the right to receive compensation is transferred was dependent upon the earnings of the employee at the time of his injury. Consequently it is not in conflict with the statutory provision fixing the time as of which dependency must be determined. But the principle is not applicable to a case where, as here, there was no dependency at that time.

The question now decided was not before the court in *Pagnoni's Case*, 230 Mass. 9. If, however, the opinion in that case is to be regarded as intimating approval of a transfer upon the death of the father of a deceased employee of such father's right to compensation to the employee's mother, such approval was based upon the assumption that the mother was dependent upon the employee at the time of his injury.

*Decree reversed.*
*Decree to be entered for the insurer.*