HERMAN MERCHANT'S (dependent's) CASE.

Suffolk. November 15, December 14, 1932. — February 14, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Workmen's Compensation Act*, Dependency.

At the hearing of a claim for compensation under the workmen's compensation act by a father whose adult son, shortly after completing his college course, had received an injury resulting in his death and arising out of and in the course of his employment by the subscriber, there was evidence that the claimant, after working as a barber at a wage of more than $30 a week, had opened a barber shop about two years before the son's death; that his net earnings thereafter averaged $30 per week without deducting certain instalment payments against the purchase price of the shop; and that, upon opening the shop, he had told his son that he must pay his own way if he wished to continue in college. There was no evidence that the father was unable to earn as much as he had before as a journeyman barber. Assuming that substantial payments, which the son had made to the father within a year preceding his injury and which helped the father defray his business or household expenses, were made by the son from his earnings while working at college rather than from money borrowed by him, it was *held*, that the father had failed to sustain the burden of showing that he depended for support on the earnings of the son; and a decree of the Superior Court awarding compensation to the father must be reversed.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence is stated in the opinion. In the Superior Court, a decree in accordance with the board's decision was entered by order of *Weed*, J. The insurer appealed.

*H. F. Tracy*, for the insurer.

*R. Gallagher*, for the claimant, submitted a brief.

LUMMUS, J. Herman Merchant, born February 13, 1906, who had just finished four years at Tufts College, was killed on August 13, 1930, in the course of his employment as a painter for John J. Collins. His father, Leland G. Merchant, was awarded partial dependency compensation by a ma-

jority decision of the Industrial Accident Board and by a decree of the Superior Court. The insurer appealed.

The only question is whether there was evidence warranting a finding that the father was "partly dependent upon the earnings of the employee for support at the time of the injury." G. L. (Ter. Ed.) c. 152, §§ 1 (3), 31, 32. Until November, 1928, the father was a barber, earning more than $30 a week. At that time he opened a barber shop, without capital, and still operates it, employing two barbers, one of whom he guarantees $30 a week. The net earnings of the father have averaged $30 a week, but without deducting instalment payments upon the purchase price of the shop equipment. He was paying $10 a month to one concern, $15 a month to another, $4 a week to a third, and irregular payments to others. He was trying to build up the business. There was no evidence that he was unable to earn as much as before as a journeyman barber. His family consisted of himself, his wife, and the employee, their only son.

When the father opened the shop, he told his son that if the son wished to continue in college he must pay his own way. The son played football, baseball and basketball for pay, and also worked at various jobs. He borrowed money during his last two years at college, from various charitable sources, $300 in October, 1928, $500 in 1929, $100 in January, 1930, and $100 in March, 1930. At the time of his death he owed $140 for board at the fraternity house at Tufts College, where he lived from September, 1929, until January, 1930. Apparently he lived with his father the rest of the time although he did not take many meals at home. In the year preceding the injury the son earned $833.60 and paid $624 to his father. The foregoing summarizes the evidence before the board.

A majority of the Industrial Accident Board believed that the employee was able to make considerable payments to his father in addition to putting himself through college; but there is nothing to show that such payments were made out of "earnings," as distinguished from money borrowed. Even if they were made out of earnings, and helped the father defray his business or household expenses, the father fails to sustain the burden which is upon him (*Ferriter's Case,*

269 Mass. 267, 268) of showing "that he depended for support on the earnings of the son." *Doherty's Case*, 277 Mass. 339, 341, and cases cited.

<div align="right">

*Decree reversed.*

*Decree to be entered for insurer.*