SARAH McGUINNESS *et al. vs.* CORNELL CONSTRUCTION COMPANY.

MAY 19, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is a workmen's compensation case which was heard *de novo* in the superior court upon the appeal of the petitioners from a decision of the director of labor denying the petition, which claimed total dependency.

The petition was based on the death of a young man who was an employee of the respondent corporation; and it is not disputed that, on October 27, 1936, he suffered an accident in the course of his employment by the respondent, and died as a result thereof on the same day. The petitioners were the mother and a sister of the employee, being Sarah and Elizabeth McGuinness respectively; and they alleged in the petition that they were wholly dependent on him at the time of his death. Some months after the petition was filed and before the case was heard in the superior court the mother died; and her death was suggested on the record and another sister of the deceased employee, being the administratrix of his estate, was made a party petitioner.

The case was heard in the superior court on oral testimony and some exhibits and on depositions by the original petitioners. The trial justice found that neither of them was wholly dependent on the employee, but that they were both partially dependent on him for support; that for quite a number of years before his death they had received from him an average total sum of $9.62 per week, out of his wages, of which sum $3.56 per week went to the support of the mother and $6.06 per week went to the support of the sister. He also found that the charges for the expenses of the last sickness and burial of the employee exceeded $300, the total amount for which the employer could be held responsible under the workmen's compensation act.

According to these findings a decree was entered in the superior court; and it was ordered that the respondent should pay to the administratrix of the estate of the employee the following sums, to be disposed of by her

accordingly: $3.56 per week, from the date of his accident and death to the date of the death of his mother, as the amount to which she was entitled at the latter date; $6.06 per week, for the benefit of Elizabeth McGuinness, from the date of his accident and death, for the period of 500 weeks or for such part thereof as she may continue to live; and $150 for his funeral expenses, the respondent having already paid $150 on the expenses of his last sickness and funeral.

From this decree the respondent appealed to this court, specifying numerous reasons, of which the only ones insisted upon in its briefs and arguments before us may be fairly stated as follows: (1) That the trial justice found that neither the mother nor the sister was wholly dependent on the employee, and that his finding that they were partly dependent on the employee at the time of his death was erroneous, because the only allegation in the petition on the subject of dependency was that they were *wholly* dependent on him, and the petition was not amended before the commissioner of labor, and was not and could not legally be amended in the superior court; (2) that the finding that Elizabeth McGuinness was a partial dependent of the employee was against the law and admitted facts of the case; (3) that the findings of fact as to the actual partial dependency of her and her mother on him and as to the average sums of money received from him and used by them, respectively, were not supported by the evidence; and (4) that the trial justice erred in receiving in evidence the depositions of his mother and his sister Elizabeth and a certain exhibit.

We shall discuss these reasons of appeal in the above order. As to the first one, we are of the opinion that under an allegation that the mother and sister of the employee were wholly dependent on him for support, it may properly be proved that they were only partly dependent on him, on the principle that "the greater includes the less." This

conclusion seems to us to be particularly clear because of the well-established rule that the workmen's compensation act, as a remedial statute, is to be liberally construed and applied, in order to effectuate its purpose. *Bernier* v. *Narragansett Elec. Co.*, 56 R. I. 438, 440; *Martin* v. *Silvertown Garage,* 54 R. I. 388, 391; *Livingstone Worsted Co.* v. *Toop,* 48 R. I. 368.

For case in which the petitioners, although they alleged in their petition that they were wholly dependent on the deceased employee for support, were allowed to recover for partial dependency, apparently under the original petition, see *Kovatch* v. *Durkin,* 116 Pa. Sup. 192, 176 A. 507.

We see no reason why it was necessary for the petitioners in the instant case to amend their petition in order to be able to recover compensation on the basis of partial dependency, if proven. No authority that is against this conclusion has been cited to us in behalf of the respondent. We see no merit in this reason of appeal.

In order to pass upon the merits of the second reason of appeal, certain admitted facts of the case must be considered. The employee's mother had for a good many years lived in Ireland in a small house on a very small farm, both of which she owned. She was very old and quite feeble; and her daughter Elizabeth, who had not married and did not have any income of her own, lived with her and took care of her up to the time of the mother's death. They lived there alone after the employee came to the United States to work and earn more money.

For at least a number of years before that time he lived with his mother and this sister and worked on the farm and elsewhere for his and their common support. After he left for this country, his mother let the pasturage on the farm for a small rental, which scarcely covered taxes and the like; and this rental and a small old age pension which she received and the remittances which the employee made to them out of his wages, with considerable regularity, were

substantially the sole means of support of these women. He had never married and apparently had no real home in this country.

The respondent's main contention in support of this second reason of appeal is based on the following language of the workmen's compensation act, G. L. 1923, chap. 92, art. II, sec. 8: "No person shall be considered a dependent unless he is a member of the employee's family or next of kin, wholly or partly dependent upon the wages, earnings or salary of the employee for support at the time of the injury."

Elizabeth McGuinness was clearly not the next of kin of the employee at the time of his fatal injury, their mother being then alive; and the contention of the respondent is that she was not then a member of his family. This appears to be supported by some cases in Massachusetts construing closely similar language in its workmen's compensation act as requiring that in order to be treated as a member of the family of a deceased employee, a claimant must have been, at the time of the fatal injury to the employee, a member of a household of which the employee was the head. *Mahoney's Case*, 228 Mass. 555, 117 N. E. 794; *Musgrave's Case*, 281 Mass. 416, 183 N. E. 749. See also *Cowden's Case*, 225 Mass. 66, 113 N. E. 1036. On the other hand there are cases elsewhere taking a more liberal view, in states in which the pertinent language of the workmen's compensation act is substantially the same as in our own act.

In *Peay* v. *Kulow & Co.*, 226 Mich. 512, 197 N. W. 1020, a boy, fourteen years old, went to live with an aunt in Ohio and thereafter had no other home. After he went to work, he contributed to her a part of his wages. He afterwards departed from her home and went to Michigan, where he secured employment. Thereafter he continued to live in Michigan, but contributed to her support up to the time, about sixteen months later, when he suffered a fatal accident in the course of his employment. It was held that she

could recover compensation as a partial dependent, being "a member of the family of the deceased employee" by reason of the above facts, although he was not the head of that family and although they were not living together at the time of his fatal accident.

At page 514 (1020), the court says of the deceased: "He was unmarried, and plaintiff's home was the only home he had, and he was contributing to the upkeep and maintenance of that home. We think it is within the spirit of the statute to hold that plaintiff was a member of the same family that deceased was a member of, and hence comes within the class of dependents that are entitled to an award."

In *Harlan* v. *Industrial Accident Comm.*, 194 Cal. 352, 228 Pac. 654, a minor had lived with the applicant for compensation, who was his aunt, and her family for a period of many years. During the latter part of this period he had been gainfully employed and had paid over to her all his wages, for the support of the household. Then he left her home and went to work for wages for the owner of a farm a long distance away; where he resided with the family of his employer. It was expected that after some months he would return to live with his aunt. But about a week later he was killed in an accident in the course of his employment.

It was not in dispute that at that time his aunt was in fact partially dependent upon him for support; but the employer contended that she was not then "in good faith a member of the family or household of such employee", as required by the language of the workmen's compensation act, if she was to be entitled to compensation. He contended that it was not sufficient to show that the deceased employee was in good faith a member of the applicant's family or household or that both were members of or belonged to the same family or household, but that it must appear that the applicant was a member of the family or household of which the deceased employee was the head.

The court, however, relying on the rule that the statute should be liberally construed and on the reasoning and decision in *Peay* v. *Kulow & Co., supra,* and quoting the language which is above quoted therefrom, rejected these contentions of the employer and held that all that was necessary to satisfy the above requirement of the statute was that the applicant and the employee be in good faith members of the same family or household at the time of his fatal injury. It held also that under the facts of the case they were members of the same family or household at that time, although they were not then actually living together.

The matter is not free from doubt, but we are convinced that the reasoning of these two cases is sound. We believe that it should be followed in the instant case and the same result reached, especially in view of our well-established rule above stated, that our governing statute should be liberally construed and applied. We therefore hold that the employee's sister Elizabeth was a member of his family at the time of his death and therefore entitled to recover compensation as a partial dependent, if she was then, in fact, partly dependent on him for support, an issue that is raised by the next reason of appeal.

After considering the third reason of appeal, that the findings of fact by the trial justice as to the actual partial dependency of his mother and this sister upon the employee and as to the average amounts received and used by them respectively as such dependents were not supported by the evidence, and after reading and considering the evidence, we see no reason for holding that these findings are other than conclusive upon us, as provided by the act. We cannot find any of them to be wholly unsupported by evidence, and no fraud is claimed by the respondent.

As to the fourth reason of appeal, that the court erred in receiving in evidence the depositions of the employee's mother and sister and a certain exhibit, we are of the opinion

that the rulings of the trial justice on those matters did not constitute error prejudicial to the respondent.

Finding that none of the reasons of appeal is well founded, we are of the opinion that the appeal should be denied and dismissed.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.