Rita A. STONE a/k/a Rita A. Mathieu

v.

Nicoll M. GOULET d/b/a Nick's Dry Wall Construction.

No. 84–421–Appeal.

Supreme Court of Rhode Island.

March 17, 1987.

William G. Savastano, North Smithfield, for plaintiff.

James A. Currier, Kiernan, Currier & Plunkett, Providence, Richard E. Kyte, Jr., Zimmerman, Roszkowski, Brenner & Kyte, Woonsocket, for defendants.

## OPINION

SHEA, Justice.

This is a petition for certiorari to review a decree of the Workers' Compensation Commission that denied compensation to the petitioner. The commission found that the petitioner was not a dependent as defined by G.L.1956 chapter 33 of title 28 of the Workers' Compensation Act (the act) and accordingly denied benefits. The appellate commission affirmed. We affirm also.

The petitioner, Rita A. Stone, and Richard L. Mathieu lived together from August 1971 until he died on November 15, 1977. A common-law marriage could not be created, however, because petitioner was legally married to David Stone during the entire period. That impediment was not removed until after Mathieu's death when petitioner's divorce became final. Mathieu's death arose out of and in the course of his employment with respondent.

At the time of his death, Mathieu had six children by a previous marriage. That marriage had officially ended with the entry of a final divorce decree on December 3, 1976, which left open the question of alimony and child support. In a companion case, heard by the Workers' Compensation Commission along with this one, five of Mathieu's six children were found totally dependent and were awarded benefits under §§ 28–33–12 and –13 of the act.[1] Section 28–33–12 provides for the payment of death benefits to persons found wholly dependent on the deceased employee. Section 28–33–13 provides that the spouse and the children of the deceased employee are to be conclusively presumed wholly dependent for support upon the deceased employee.

The petitioner claims dependency benefits under § 8–33–14, arguing that dependency is defined as a factual question to be determined by the circumstances as they exist at the time of the injury.[2] In her petition for writ of certiorari, she states the issue to be "[w]hether a concubine who lived with the decedent for six years and three months and is factually financially dependent upon the decedent was a 'member of the employee's family' within the

---

1. *Roszkowski v. Goulet,* W.C.C. No. 78–0646, Decision of the Appellate Commission, Aug. 1, 1984.

2. General Laws 1956 (1986 Reenactment) § 28–33–14 provides:

    "Determination of dependency—Division of payments among dependents.—In all other cases, questions of entire or partial dependency shall be determined in accordance with the fact as the fact may have been at the time of the injury. In these other cases, if there is

more than one (1) person wholly dependent, the compensation shall be divided equally among them, and persons partly dependent, if any, shall receive no part thereof during the period in which compensation is paid to persons wholly dependent. If there is no one wholly dependent and more than one (1) person partly dependent, the compensation shall be divided among them according to the relative extent of their dependency."

contemplation of the Workers' Compensation Act to be entitled to Dependency Benefits." She emphasizes that she does not seek recovery as Mathieu's wife and therefore cannot be conclusively presumed wholly dependent under § 28–33–13. Instead, she argues that the requirement of § 28–33–15, that a dependent be a member of the employee's family, should be liberally construed in light of modern changes in "family" relationships that now include cohabitation.[3] She argues that this court in *McGuinness v. Cornell Construction Co.*, 62 R.I. 382, 6 A.2d 461 (1939), equated "family member" with "member of household" in determining dependency benefits.

In this case the trial commissioner made a finding that petitioner was not Mathieu's wife, thereby failing to address petitioner's argument. The appellate commission ruled that any error in the characterization of the relationship between Mathieu and petitioner was harmless, and it affirmed the denial of benefits. *Roszkowski v. Goulet*, W.C.C. 78–0646, Decision of the Appellate Commission, Aug. 1, 1984. The appellate commission, affirming the decision of the trial commission, found that petitioner was not a member of Mathieu's family and therefore not a dependent under § 28–33–15.

■ While workers' compensation statutes are generally construed liberally, they will not be so construed where to do so would defeat clear legislative intent. *Coletta v. State*, 106 R.I. 764, 770, 263 A.2d 681, 684 (1970). Where the words of a statute do not carry an obvious special meaning, we shall apply their plain and ordinary definition. *City of Warwick v. Aptt*, 497 A.2d 721, 724 (R.I.1985). Furthermore, the rules of statutory construction require that we consider the statute in its entirety, not as if each section were independent of all other sections. *Berkshire Cablevision of Rhode Island, Inc. v. Burke*, 488 A.2d 676, 679 (R.I.1985).

■ Section 28–33–15 requires a dependent to be "a member of the employee's family or next of kin." The petitioner is neither. She cites *McGuinness*, 62 R.I. at 386–88, 6 A.2d at 462–64, as construing this section to mean the dependent must be a member of the employee's family *or household*. Applying this reasoning, petitioner argues that although she may not be a member of Mathieu's family, even though the evidence shows that he thought of her as such, she would nevertheless qualify as a member of his household.

*McGuinness* is easily distinguished from the case before us in that the petitioner in *McGuinness* bore a blood relationship to the deceased employee although he did not reside in the same household. In allowing death benefits, the court held that "all that was necessary to satisfy * * * the statute was that the applicant and the employee be in good faith members of the same family or household at the time of [the] fatal injury." 62 R.I. at 388, 6 A.2d at 463. Nowhere does the court abolish the requirement of some type of blood or marital relationship. The petitioner in the case on appeal bears no blood or marital relationship to the deceased and therefore cannot qualify as a dependent under § 28–33–15 absent the manifest intent of the Legislature.

■ An additional reason for affirmance, although not necessary to the determination of this case since the petitioner's dependency claim is already barred by § 28–33–15, involves the position of Mathieu's children as dependents. Since the commission conclusively found Mathieu's five children to be wholly dependent under § 28–33–13, the petitioner would also have to be found wholly dependent to avoid the bar to the collection of benefits imposed by § 28–33–14. Under that section, persons found partially dependent are not entitled to bene-

---

**3.** Section 28–33–15 provides:

"Relationship and dependency required.—No person shall be considered a dependent unless he is a member of the employee's family or next of kin, wholly or partly dependent upon the wages, earnings or salary of the employee for support at the time of the injury;

Provided, however, That if there be no person as aforesaid, then the parents of any employee who shall not have obtained his twenty-first birthday shall be considered a dependent, regardless of whether dependent on the wages, earnings, or salary of the employee, or not."

fits as long as one or more persons have been found wholly dependent. By providing a conclusive presumption that the spouse and children of the deceased are wholly dependent under § 28–33–13, the Legislature clearly indicated its intent to provide benefits to those individuals before allowing recovery to anyone else. In this case, the fact that Mathieu's five children are collecting benefits as wholly dependent precludes the petitioner from any recovery because she is neither Mathieu's surviving spouse nor his surviving child.

For the above-stated reasons, the petition for certiorari is denied, the writs heretofore issued are quashed, and the papers of this case are remanded to the Workers' Compensation Commission with our decision endorsed thereon.