[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Rhode Island Board of Accountancy brought pursuant to the provisions of § 42-35-15R.I.G.L.
Jurisdiction in this Superior Court is authorizedspecifically by § 5-3-14 R.I.G.L. and generally by §42-35-15 R.I.G.L. Herald Press, Inc. v. Norberg,122 R.I. 264, 269-271 (1979); Yellow Cab Co. v. Public Utility HearingBoard, 101 R.I. 296 (1966).
I.
Case Travel
Plaintiff, Lisa M. Ferreira, graduated from Southeastern Massachusetts University in June, 1984, with a Bachelor of Science Degree in Accountancy. Thereafter she became employed by the Internal Revenue Service, doing tax examinations and accounting type work. On September 1, 1986 she filed her application for certification as a Certified Public Accountant with the defendant Rhode Island Board of Accountancy, hereinafter called the Board. She was given and successfully passed all of the required competency examinations. On September 26, 1989, she was informed by the Board that although she had successfully passed all of the required certification examinations, she did not meet the Board required two year public accountancy experience requirement. The Board concluded that plaintiff's tax and accounting work with the Internal Revenue Service did not constitute public accounting experience performed in an independent posture. Plaintiff accepted the Board's determination of her application for certification and took no further action thereon.
Some three months thereafter, on December 21, 1989, the Rhode Island Supreme Court denied certiorari in the case of Black v.Rhode Island Board of Accountancy C.A. 89-582 which concerned judicial interpretation of the Board's public accountancyexperience requirement. In that case, Black v. Rhode IslandBoard of Accountancy, C.A. 89-2753, Gibney, J., the Superior Court had reversed a Board decision, concluding that it had mistakenly construed the term public accountancy experience as being defined by § 5-3-3(f)R.I.G.L. As a result of the Supreme Court's denial of certiorari in the Black case Ms. Ferreira requested the Board to review her application in the light of theBlack decision. The Board, by letter dated February 26, 1990, informed plaintiff that it would take up her request, and the matter regarding the Board's public accounting experience requirement at one of its future meetings. On May 4, 1990 the Board notified plaintiff, by letter, that at its April 24, 1990 meeting, it had again denied her application for certification based upon her "failure to provide documentation of two yearspublic accountancy experience, as that term is defined by theBoard of Accountancy." This appeal followed. At issue is the validity of the Board's definition of what is meant by its requirement of two years public accountancy experience.
II
APPELLATE REVIEW PURSUANT TO G.L. § 42-35-15
General Laws 1956, § 42-35-15, as amended, confers appellate jurisdiction in this Superior Court to review decisions of the various state administrative agencies. The scope of review permitted, however, is limited by that statute. Fundamental in the statute is the basic legislative intention that this Court should not, and cannot, substitute its judgment on questions of fact for that of the respondent agency. Lemoine v. Department ofPublic Health, 113 R.I. 285, 291 (1974). This is so, even in those cases where this Court, after reviewing the certified record and evidence might be inclined to view the evidence differently than did the agency. Cahoone v. Board of Review,104 R.I. 503, 506 (1968). Judicial review on appeal is limited to an examination and consideration of the certified record to determine if there is any legally competent evidence therein to support the agency's decision. If there is such evidence, this Court is required to uphold the agency's factual determinations.Narragansett Wire Co. v. Norberg, 118 R.I. 596, 607 (1977);Prete v. Parshley, 99 R.I. 172, 176 (1965).
Where, however, the findings or conclusions made by an agency are "totally devoid of competent evidentiary support in the record" or by the reasonable inferences that can be drawn therefrom, then the findings made by the agency are not controlling upon this Court. Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 270 (1981); Millerick v.Fascio, 384 A.2d 601, 603 (1978); DeStefanis v. Rhode IslandState Board of Elections, 107 R.I. 625, 627, 628 (1970).
The Administrative Procedure Act, G.L. 1956 § 42-35-15,
permits this Court to reverse, modify or remand an agency decision only in those instances where it finds that substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are in violation of constitutional or statutory provisions; or in excess of the statutory authority of the agency, or made upon unlawful procedure, or affected by other error of law, or clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, of is arbitrary or capricious or characterized by abuse of discretion or by a clearly unwarranted exercise of the agency's discretion.
III
The Two Year Public Experience Requirement
The records pertaining to the Board's April 24, 1990 meeting disclose the following with regard to the plaintiffs request for review of her earlier certification denial.
 "Upon Motion by Mr. Ericson and seconded by Mr. Sullivan, it was voted, by the majority, with Mr. Porcaro opposing, to deny the application for certification of Ms. Lisa M. Ferreira, based upon her failure to provide documentation of two year's public accountancy experience as that term is defined by the Board of Accountancy."
 "The matter of proposed regulations regarding the Experience Requirement remains under consideration by the Board. Awaited, at this time, is the outcome of proposed legislation introduced into the Senate on February 3, 1990, (Bill No. 9-S 2354A)" etc.
In light of the clear indication of uncertainty and indecision revealed from the minutes of the Board's April 24, 1990 meeting concerning the question of the two year public accounting experience requirement, what then is the Board's definition thereof upon which its denial of certification is based? Oddly enough, the Board, despite its specific legislative authorization since 1984 to enact rules and regulations governing the educational and experience requirement for issuance of the certificate of Certified Public Accountant has neglected to do so. § 5-3-4(f)(3) R.I.G.L. It has instead, opted for legal opinions from at least two independent legal counsel; for future legislative assistance and clarification and finally, apparently upon its own interpretation of what is meant by the existing statutory definitions of "practice of public accounting orpracticing public accounting" as found in § 5-3-3(f) R.I.G.L.
All of this, despite a contrary judicial opinion expressed inBlack v. Rhode Island Board of Accountancy, et al, CA 89-2753,Cert. Denied. December 21, 1989, R.I. Supreme Court No.89-582-M.P.
The Board, because it disagrees with the Black case decision, elects to ignore the opinion expressed therein. The Board in this appeal attempts to avoid its application by criticizing the trial justice's decision. In support of its criticism, however, it offers only what appears to be an apparent, non-relevant misstatement by the trial justice. It is true that the trial justice did say in her decision that the statutory definition of practice of public accounting as interpreted by the Board meant that "a prospective certifiedpublic accountant candidate cannot legally practice publicaccounting." Certainly § 5-3-17(a), R.I.G.L. does permit a prospective certified public accountant candidate to legally practice public accounting, but this inconsequential misstatement by the trial justice does not in any manner contaminate her otherwise concise and correct conclusion in the Black case to the effect that "the definition of the practice of publicaccounting can have no relevance to public accountingexperience" and that it was "error for the Board to have reliedupon § 5-3-3(f) in interpreting § 5-3-5 (a)(5)". If the Board is so persistent upon neglecting to promulgate a formal rule on the experience requirement for certification and so insistent upon relying upon various non-judicial opinions in interpreting §5-3-3 R.I.G.L. it might do well to consider, possibly for the first time, the astounding reality contained in the actual language of § 5-3-3 which would permit an applicant for certification as a Certified Public Accountant to qualifywithout any actual public accounting experience. § 5-3-3
permits an applicant to satisfy the practice of public accounting or practicing public accounting requirement by simply "offeringto perform in an independent posture for a client or potentialclient, of one (1) or more kinds of services involving the use of accounting or auditing skills," etc. That could be accomplished by simply putting up a sign, or publishing an advertisement wherein one could offer to perform for apotential client one or more kinds of services involving the useof accounting or auditing skills, without ever actually doing so.
Fortunately the Board has not been yet confronted with the reality of what is conceivably permitted by § 5-3-3. The adoption of a fair and pertinent Regulation by the Board could prevent its occurrence, and also, prevent the re-occurrence of the very problem facing the Board for the second time, in this case. Such a Regulation could fairly protect the public and satisfy the legislative intention expressed in Section 2 of the Public Accounting Act of 1984.
The record of the proceedings and exhibits before the Board in this case as stipulated to by counsel on August 7, 1990, show clearly that the plaintiff here has far more than the two years public accounting experience required by the Board for certification. The uncontradicted evidence of that qualification is certainly contained in the Exhibit letter from John Petrella, Jr., Chief, Examination Branch, Internal Revenue Service, and from her brief but relevant four month accounting experience with the accounting firm of Sausiveri, Ryan, Sullivan Co. from October 1987 to February 1988 after which she rejoined the Internal Revenue Service.
Pertinent to the Court's finding that the plaintiff does in fact have the equivalent of the required two years public accounting experience is the following quoted portion of the letter Exhibit from Mr. John Petrella, Jr.
 "Ms. Ferreira has a comprehensive knowledge of accounting and auditing techniques similar to public accounting duties. She has an extensive working knowledge of Federal tax law, regulations, policies and court decisions which she utilizes to conduct examinations involving various types of business. Furthermore, she has a broad knowledge of a variety of accounting systems, including those peculiar to certain businesses and industries which she utilizes to make complex tax determinations. Her ability to apply these techniques to large business organizations having related entities and involving varied and complex systems of accounting is equivalent to a practicing public accountant specializing in Federal income taxation.
 As a Senior Internal Revenue Agent, Ms. Ferreira's duties are to conduct independent examinations of income tax returns which contain special audit features or anticipated accounting, tax law, or investigative problems of more than usual difficulty or complexity. . . .
 Ms. Ferreira's assignments have included the examination of various returns of large businesses and other entities having several operating subdivisions or deriving income from many sources, individuals with large incomes, and other forms of tax paying entities with considerable adjusted gross income, assets, financial interests, etc.
 In performing her duties (she) develops pre-examination analyses which include research and issue identification. She further utilizes appropriate interviewing and fact finding techniques to determine if tax has been correctly reported. She prepares workpapers and reports documenting her findings and conclusions. Moreover, she analyzes profit and loss statements, balance sheets, various financial documents in relationship to asset acquisitions and financing arrangements, certified annual reports and various other financial documents which are pertinent to the examination in process."
It is abundantly clear to this Court from a review of the certified record, and from a review of the pertinent case law and statutes, that the plaintiff has shown far more than the required two year public accounting experience. The source of that experience, in the absence of noncompliance with a valid Board Regulation, should not be the controlling feature in the Board's evaluation of the plaintiff's entitlement to certification as a Certified Public Accountant, but instead, should be her proven and uncontradicted ability to meet the exacting work requirements of a Certified Public Accountant. The record here before this Court demonstrates clearly that she has the required ability and experience. That being so, the Board's decision made on April 24, 1990 was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record and, was affected by error of law. It is accordingly reversed.
The plaintiff's appeal is granted. The matter is remanded to the Board with directions to grant plaintiff's application for certification as a Certified Public Accountant.
The plaintiff in her amended complaint filed on June 1,1990 has claimed that "the statute upon which the Decision (Board's) purportedly is based is so vague as to constitute the denial of due process under the Fourteenth Amendment to the United States Constitution." The plaintiff has failed to show in that single broad challenge that the Public Accounting Act of1984 § 5-3-1, et seq. is unconstitutional. The statute must be considered in its entirety and not as if each section were independent of all other sections in the Chapter. Stone v.Goulet, 522 A.2d 216 (1987); In re Rhode Island Commission forHuman Rights, 472 A.2d 1211 (1984).
Plaintiff has also requested an award of reasonable litigation expenses pursuant to the provisions of § 42-92-3R.I.G.L. This Court is not satisfied that the proceeding before the Board was in the nature of an "adjudicatory proceeding" as required by § 42-92-3 and defined in § 42-92-2 (2)(d). In any event, the Court finds that the Board's action, taken upon the advice of two separate independent legal opinions, was not without substantial justification.
Accordingly, the Court denies the plaintiff's overly broad claim to consider the constitutionality of the Public Accountancy Act of 1984, and denies the plaintiff's claim for reasonable litigation expenses pursuant to § 42-92-3 R.I.G.L.
Counsel shall prepare the appropriate judgement for entry by the Court within twenty days from the date of the filing of this decision.