JACKSON, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.
SAME, Respondent, vs. SAME, Appellants.

*September 16—October 3, 1916.*

*Workmen's compensation: Partial dependency of sister on deceased employee.*

Evidence showing, among other things, that an employee who sustained fatal injuries was on friendly terms with his sister and had, during the period of five months prior to his death, partly paid for care, board, and lodging furnished to her by an uncle,

and tending to show that she will probably be able to provide partially for her own needs and that if he had lived he would have continued to contribute to her support, is *held* to sustain a judgment of the circuit court reversing an order of the industrial commission on the ground that she was not wholly, but was partially, dependent on the deceased.

APPEALS from a judgment of the circuit court for Dane ·county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an action to set aside an award of the *Industrial Commission* requiring the plaintiff and the Employers Mutual Liability Insurance Company to pay to applicant the .sum of $1,931.70 on account of the death of her brother, Oscar Rintala, caused by an accidental injury while in the employ of the plaintiff. The circuit court set aside the .award of the *Industrial Commission* and remanded the cause to the *Commission* for further proceedings. Both parties appeal from this judgment of the circuit court.

Some five years ago, Oscar Rintala, the deceased, and his .sister, the applicant, immigrated to this country from Finland. They first went to Cloquet, Minnesota, where they lived with an uncle, and in about two years they took up their residence with another uncle in Ironwood, Michigan. At the age of seventeen the applicant commenced working for others by doing housework. She worked for various people, ·earning from $10 to $15 per month, besides having board and room provided her. While she was engaged in this kind of work she became pregnant and a child was born. She was not married at this time. When the applicant found that she was pregnant she appealed to her deceased brother for .aid, who was then working for the plaintiff in the woods. He took her to his uncle's home in Minnesota and agreed with the uncle to pay her expenses and $10 a month for her board. This was about the 1st of October, 1914. The child was born ·on the following December 28th and the applicant continued to live with the uncle up to the time of Oscar's death on March 6, 1915. From October 1, 1914, until March 6, 1915,

she was unable to do any work or in any way earn anything for her support. The deceased gave her money and sent money to the uncle to pay the doctor's bill, her board, and other expenses. The uncle in Minnesota received $45 from deceased to pay for her board.

On March 6, 1915, Oscar Rintala, while in the employment of the plaintiff and performing service growing out of and incidental to his employment, accidentally received personal injuries which resulted in his death.

The *Industrial Commission* found as facts that the injuries were proximately caused by accident while deceased was performing services growing out of and incidental to his employment, and that the applicant was a sister of the deceased and at the time of death was wholly dependent upon the deceased for support.

The circuit court set aside the *Commission* award on the ground that the sister was not wholly dependent upon the deceased for support, but was only partially dependent on him, and remanded the cause to the *Commission* to determine the extent of the partial dependency. From such judgment both parties appeal.

For the plaintiff there were briefs by *Brown, Pradt & Genrich,* and oral argument by *L. A. Pradt.*

For the defendant *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

SIEBECKER, J. The question in this case presents the inquiry, Did the *Commission* err in holding that decedent's sister is entitled, under the provisions of the Compensation Act, to receive the benefit provided for persons wholly dependent upon employees who die from injuries received in the course of their employment? These statutes provide that the facts of dependency and of the extent thereof are to be determined in accordance with the facts as they exist at the time of the accident to the employee. An investigation of the facts and circumstances as disclosed by the record establishes that the

decedent and his sister, the applicant, were on friendly relations and that he was disposed to aid her to secure the necessities of life in case she needed such assistance; that he furnished pecuniary aid for her support during the period of five months immediately prior to his death, and that he would have continued to give her such aid thereafter if her necessities demanded such assistance.  It also appears, as the circuit court held, that her uncle took her into his family and furnished the privileges of a home during the last three months of her pregnancy, during the lying-in period and the succeeding two months, up to the time of her brother's death. True, this uncle received some compensation from the decedent for this care and support of her, but it is clear that the amount so received only partly paid for the care, board, and lodging furnished by the uncle.  The evidence does not clearly indicate what the uncle's treatment of her would have been if the brother had refused to contribute to her support. But it is apparent that the applicant in all probability will hereafter require assistance to secure the necessities and comforts of life, when we consider her circumstances in life, her want of financial means, and her ability to earn a livelihood in view of her misfortunes that attend her motherhood.  The evidence justified the inference that she will probably be able to partially provide for her needs and that if the decedent had lived he would have continued to contribute to her support. We deem the facts and circumstances of the case establish the fact that the applicant was partially dependent on decedent for support at the time of the accident within the contemplation of the Compensation Act.

Upon this state of the case the circuit court properly reversed the order of the *Industrial Commission* and rightfully recommitted the controversy to the *Commission* to determine the extent of the partial dependency of the applicant.

*By the Court.*—The judgment is affirmed on both appeals. No costs to be taxed in the action.