JAMES T. FERRITER'S (dependent's) CASE.

Hampden.    September 19, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Dependency.  *Parent and Child.*

Upon a claim under the workmen's compensation act by a son whose father had lost his life while employed by one insured under the act, it appeared that the son was twenty-two years of age at the time of the death of his father, and was physically and mentally "all right"; that his mother had died and that thereafter he had lived with his father, had finished his schooling at eighteen years of age, and had had no employment after leaving school excepting for six weeks when he was

twenty years of age, because, although he could have got work in his home city, "it was not what he liked" and he did not get employment elsewhere because "his father urged him to remain with him for sentimental reasons and agreed to pay his board and room and furnished him with clothes in return for his presence with him . . . almost insisted on it." The son was found not to be a dependent of his father under G. L. c. 152, § 1 (3), § 32, and a decree dismissing his claim was entered. On appeal, it was *held*, that the finding and decree were right.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board dismissing a claim by James J. Ferriter, as a son and alleged dependent of James T. Ferriter, for compensation due to his death as a result of injuries received while employed by Casper Ranger Lumber Company.

In the Superior Court, the case was heard by *Qua*, J. Material facts are stated in the opinion. A final decree was entered dismissing the claim. The claimant appealed.

The case was submitted on briefs.

*E. A. Lynch & C. J. Moriarty*, for the claimant.

*E. W. Sawyer & J. J. Connors*, for the insurer.

FIELD, J. This is a proceeding under the workmen's compensation act. G. L. c. 152. The claimant, James J. Ferriter, is the son of James T. Ferriter, the employee, who received an injury on August 14, 1928, in the course of his employment, from which he died. The sole question for determination is whether at the time of the injury the claimant was dependent upon his father within the meaning of the statute and therefore entitled to compensation thereunder. The Industrial Accident Board found "as a fact that there was not a condition of dependency in this case." In the Superior Court a decree was entered dismissing the claim. The claimant appealed.

The existence or nonexistence of a condition of dependency was a question of fact for the Industrial Accident Board (*Herrick's Case*, 217 Mass. 111. *McMahon's Case*, 229 Mass. 48, 50), the burden of proving dependency being on the claimant. *Fierro's Case*, 223 Mass. 378, 380.

The case was heard on the testimony of the claimant

which was found to be true. The findings may be summarized as follows: The employee lived in Holyoke. The claimant, who was twenty-two years old at the time of the accident, lived with his father. "Physically and mentally claimant was all right." "He went through high school and part of a business school in Holyoke," and finished school in 1924. In the early part of 1926 he worked six weeks in Holyoke and was laid off, and "that was all the work he did from the time he got through high school until his father died." His mother died in 1913. He has an unmarried older sister who with the exception of a year after the mother's death lived with an aunt in Springfield. The claimant lived with his father all the time after the mother's death and the father paid for the claimant's board and room and bought all of his clothes for a year before the accident. The claimant had no other means of support at that time and no money except what his father gave him. "He attempted to find work in Holyoke from time to time but was unable to find anything that was satisfactory to him. He could have gotten some work but it was not what he liked." The claimant "wanted to leave the city to find something to do because he could not find anything in Holyoke and his father urged him to remain with him for sentimental reasons and agreed to pay his board and room and furnished him with clothes in return for his presence with him." "His father almost insisted on it." The claimant is working now in Hartford, Connecticut.

Since the claimant, though a child of the employee, was over eighteen years of age and was not "physically or mentally incapacitated from earning" he was not "conclusively presumed" to be dependent upon his father for support. G. L. c. 152, § 32 (c). Whether he, as a member of the family, or next of kin of his father, was a "dependent," within the meaning of the statutory definition of dependency, depends upon whether as a matter of fact he was "wholly or partly dependent upon the earnings of the employee for support at the time of the injury." G. L. c. 152, § 1 (3); § 32.

At the time of the injury the claimant relied wholly on

his father for support and all his support came from his father. As it appears from the report of the single member that no question "other than that of dependency" is raised we assume that this support came from the father's "earnings" as distinguished from investments. See *Derinza's Case*, 229 Mass. 435, 446. These facts alone, however, do not as a matter of law require the conclusion that the claimant was "dependent" within the meaning of the statute. Though proof that a person could not have subsisted without aid from the employee is not essential to establish the existence of a relation of dependency (*McMahon's Case, supra*), dependency implies some degree of need. This is a clear inference from the cases in which the financial ability or the ability to work of the alleged dependents has been taken into consideration as material. See *Buckley's Case,* 218 Mass. 354, 356; *Caliendo's Case,* 219 Mass. 498; *Carter's Case,* 221 Mass. 105, 107, 108; *Kenney's Case,* 222 Mass. 401, 404; *Freeman's Case,* 233 Mass. 287, 290. See also cases under somewhat similar statutes. *Daly* v. *New Jersey Steel & Iron Co.* 155 Mass. 1, 5; *Hodnett* v. *Boston & Albany Railroad,* 156 Mass. 86; *Welch* v. *New York, New Haven & Hartford Railroad,* 176 Mass. 393, 401; *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 101; *Mehan* v. *Lowell Electric Light Corp.* 192 Mass. 53, 61, 63; *Morena* v. *Winston,* 194 Mass. 378, 383. And see cases in other jurisdictions. *Gherardi* v. *Connecticut Co.* 92 Conn. 454; *McDonald* v. *Great Atlantic & Pacific Tea Co.* 95 Conn. 160, 166; *Benjamin F. Shaw Co.* v. *Palmatory,* 30 Del. 197, 202; *Serrano* v. *Cudahy Packing Co.* 194 Iowa, 689; *MacDonald* v. *Pocahontas Coal & Fuel Co.* 120 Maine, 52, 57; *Dazy* v. *Apponaug Co.* 36 R. I. 81; *Hancock* v. *Industrial Commission,* 58 Utah, 192; *Jackson* v. *Industrial Commission of Wisconsin,* 164 Wis. 94; *Bortle* v. *Northern Pacific Railway,* 60 Wash. 552. It follows that a person who is within the class of possible dependents and not within the class of those "conclusively presumed" to be dependents (see as to this class of persons *Bott's Case,* 230 Mass. 152; *Cronin's Case,* 234 Mass. 5) cannot refrain from the use of resources, including the ability to work,

reasonably available to him for his support under all the circumstances of the case and thereby make himself "dependent" upon the person who actually supports him. See *Gherardi* v. *Connecticut Co. supra*; *Benjamin F. Shaw Co.* v. *Palmatory, supra*. See also *Simms* v. *Lilleshall Coal Co.* [1917] 2 K. B. 368, 371; *Moyes* v. *William Dixon, Ltd.* 42 Sc. L. Rep. 319, 321.

The board was justified in concluding from the subsidiary facts found that the claimant was able to work and that he had failed to prove that his ability to work was not, under the circumstances of the case, a resource reasonably available to him for his own support. Proof that the claimant disliked the employment obtainable in Holyoke is not sufficient to establish that his ability to work was not a resource reasonably available to him in that city. Nor, even if he could not secure work in Holyoke, was his father's insistence "for sentimental reasons" that he remain at home and not secure employment outside of Holyoke sufficient to destroy the availability of his ability to work as a means of his own support. In the case of an able-bodied father and an adult able-bodied son some more practical ground than the desire of the father for the companionship of his son must be shown to prove that the son was not able reasonably to earn his own living.

The evidence in *Herrick's Case*, 217 Mass. 211 relied on by the claimant, which was held to warrant a finding of dependency, went beyond the facts found in the case at bar. In that case there was testimony to the effect that the claimant, a daughter of the employee, remained at home to take care of her father and performed services for him as his housekeeper because she thought he needed her care. In substance, it was held that the conclusion was justified that she had such reasons, practical as well as sentimental, for giving up her work and remaining at home that her ability to work was not to be regarded as a resource reasonably available for her own support. The distinction is not between a son and a daughter, as such, but between the circumstances under which the claimants came to rely on their fathers, respectively, for support. See also *Kenney's*

*Case,* 222 Mass. 401, 403, 404; *Simms* v. *Lilleshall Coal Co.* [1917] 2 K. B. 368; *Moyes* v. *William Dixon, Ltd.* 42 Sc. L. Rep. 319.

We find no error of law in this case.

*Decree affirmed.*