## Standard Elkhorn Coal Company v. Stidham et al.

(Decided December 9, 1931.)

JAMES & HOBSON and LIVEZEY, HOGSETT & McNEER for appellant.

JOE P. TACKETT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

While working for the Standard Elkhorn Coal Company, Willie Stidham received injuries resulting in his death. Both he and the coal company had accepted the provisions of the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.). His widow, Judie Stidham, applied for compensation. The Workmen's Compensation Board held that the statutory allowance of $12 a week was subject to a 15 per cent reduction for a violation of the company's rules, and awarded Mrs. Stidham $10.20 a week for 335 weeks, and $75 for burial expenses. On petition for review to the Floyd circuit court the award was affirmed. The company appeals.

The principal ground on which the award is attacked is that the accident resulting in Stidham's death did not arise out of, or in the course of, his employment. The board's finding of facts, being supported by substantial and credible evidence, is conclusive, and cannot be disturbed. Hazard Blue Grass Coal Corp. v. Scott, 206 Ky. 759, 268 S. W. 548. Briefly stated, its finding is as follows: On the day of the accident Stidham was employed at the company's tipple, and was engaged in cleaning and trimming as the coal cars were being loaded with cannel coal. There were four tracks under the tipple, the lump track, egg track, slack track, and cannel track. The cars intended for the cannel track were brought down to a certain point on the slack track and switched over to the cannel track. These cars were put in place by the switcher and his helper, who rode the cars and operated the brakes. It was customary for the tipple foreman, a day or two before payday, to bring to the men a statement of their earnings. On the day of the accident the tipple foreman came to the tipple for that purpose, and had with him Stidham's statement. While the tipple foreman was about 40 feet away and at a point where the cannel car was switched from the slack track, and during the lull in the work on the cannel track, Stidham walked down where the foreman was standing, got his statement, talked with the foreman for a few minutes, and then started back to resume his work. At the same time the switcher began to pull two cars on the cannel track. In order to save time, or eliminate the walk, Stidham got on the front end of the second car and was rolled therefrom and killed. When he did this the foreman called to him to get off but whether Stidham heard the warning or not is not known. It also appeared that the rules of the company forbade the employees from riding the cars as they were placed under the tipple. There was further evidence that it was the duty of the workmen at the cannel car to "scotch" the empty car after it reached its proper place and bump out the loaded car.

The argument on behalf of appellant is that as the empty cars were under the sole control of the switchers, and Stidham's duties did not require him to go on an empty car, the accident did not result in a risk reasonably incidental to the employment, and arising from some cause which might have been contemplated by a reasonable person when entering the employment, and therefore did not arise out of and in the course of his

employment. We do not regard the fact that Stidham walked a few feet from the place where he was at work to get his statement from the foreman as in any sense a laying aside of his duties, or a departure from the course of his employment. The foreman was there to deliver the statement. Stidham was entitled to the statement, and during the lull in the work had the right to walk a few feet for the purpose of getting it. In doing this he did not leave the premises of his employer, or go so far away from the place of his employment that he could not resume work on a moment's notice. In the circumstances his going to the foreman and his return to the work were incidental to, and connected with, his work. In its essential principles the case does not differ materially from a case where an employee goes a few feet to get a drink of water and is injured on his return to work. Clearly if Stidham had walked back to his place of work, and had been struck and killed by the car on which he rode, his widow would have been entitled to compensation. Though in his eagerness to be on hand and "scotch" the cars he jumped on one of them, he was none the less returning to work. In the circumstances the accident was not something separate and apart from his employment, but necessarily arose out of, and in the course of, his employment. The most that can be said is that there was an intentional failure on the part of Stidham to obey the rule forbidding the employees from riding on the empty cars, thus requiring the compensation for which appellant would otherwise have been liable to be decreased by 15 per cent. Section 4910, Kentucky Statutes; Big Elkhorn Coal Company v. Burke, 206 Ky. 489, 267 S. W. 142; Harlan Gas Coal Company v. Trail, 213 Ky. 226, 280 S. W. 954.

Another contention is that the board should not have allowed $75 for burial expenses, without proof that such an obligation had been incurred by Mrs. Stidham. In support of this position appellant cites Fame Armstrong Laundry Co. v. Brooks, 226 Ky. 22, 10 S. W. (2d) 478, where it was held that the board should not make allowances for medical bills in the absence of proof that such expense had been incurred. Manifestly there is a marked difference between medical expenses and burial expenses. The former may or may not be incurred, but, as every one has to be buried, the expense thereof, unfortunately, belongs to that class of obligations that must of necessity be incurred, and from the payment of

which there is no escape. We therefore conclude that burial expenses to the extent of $75 may be allowed without proof that such expenses have been incurred.

It follows that the award was proper.

Judgment affirmed.