### Atlas Coal Co. v. Wylie et al.

(Decided March 15, 1938.)

HIRAM H. OWENS for appellant.

H. F. WHITE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Ralph Wylie, an employee of the Atlas Coal Company, died as the result of an injury arising out of and in the course of his employment. A referee of the Workmen's Compensation Board fixed the dependency of his father and mother, Frank Wylie and Minerva Wylie, at 25 per cent., and awarded them $2.07 per week for 335 weeks, and $75 for funeral expenses. The action of the referee was approved by the board. On petition for review to the Bell circuit court the award was affirmed. The Atlas Coal Company appeals.

The facts are: The deceased lived on a 60-acre tract of land situated in Claybourne county, Tenn., and belonging to his father and two nephews, each owning one-third interest. Also, living in the household were another son and a daughter. Minerva Wylie kept house for her husband, the deceased, and the other members of the household. The father's vision was somewhat defective, but he was permitted to work in the mine along with the deceased. For 35 days prior to his death the deceased earned $99.25, or an average of $2.84 a day. The deceased turned his wages over to his mother, and they were used for the benefit of the family.

The principal ground of attack on the award is that Frank and Minerva Wylie were in no sense dependent on the deceased. The argument is that Frank Wylie not only owned a one-third interest in the farm, but his earnings were sufficient to support himself and wife, and the contributions of the deceased were no more than

enough to pay his board at the rate of $15 a month. Not only did appellees say that the contributions of the deceased were necessary for their support, but that conclusion is fortified by the circumstances. The farm was small and unproductive. Other land was rented. If the father had been regularly employed throughout the year, a different question would be presented. As a matter of fact his employment was not regular, and his meager earnings were hardly sufficient for the support of himself and wife. Even if they were, it must not be overlooked that dependency is not based upon absolute necessity, but a father and mother may be found to be dependent upon the earnings of a son who had given them his wages, although the father might also be earning wages which could have supported him and his family. Clover Fork Coal Company v. Ayres, 219 Ky. 326, 292 S. W. 803. The deceased was a member of the family and contributed practically all of his earnings to the common fund. There were several in the family, and in the circumstances his share of the expense was less than the usual price for board out of which a profit is expected. Not only did he contribute his earnings as a miner, but he worked on the farm, and it hardly can be said that his contributions were more than offset by the support furnished by his parents. On the contrary, there was some evidence tending to sustain the board's finding of fact that appellees were 25 per cent. dependent on the deceased.

We have the further contention that appellees made no claim for funeral expenses, and that item should not have been allowed. The statute expressly provides that the employer or his insurer shall pay to the persons entitled to compensation, or if none, then to the personal representative of the deceased employee, reasonable burial expenses of a person of the standard of living of the deceased and not to exceed the sum of $75. Kentucky Statutes, sec. 4893. As appellees applied for and were awarded compensation, and funeral expenses are a necessary incident of compensation and go as a matter of course, to those entitled to compensation, such expenses may be allowed by the board, without specific claim or proof that such expenses were incurred. Standard Elkhorn Coal Company v. Stidham, 242 Ky. 228, 46 S. W. (2d) 120.

Judgment affirmed.