BERNARD D. FOY *vs.* A. D. JUILLIARD & Co., INC., ATLANTIC MILLS DIVISION.

JULY 20, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

234

CONDON, J. This petition, brought under the workmen's compensation act and originally filed with the commissioner of labor, is now before us on an appeal by the petitioner

from a final decree entered in the superior court by a justice thereof, after a hearing on said petition.

In substance it is alleged in the petition that one Bernard J. Foy on February 2, 1937, while employed by the respondent, suffered accidental injuries which resulted in his death on that date. The petitioner, the father of said deceased, further alleges that he was partially dependent upon the earnings of his said son, and that by reason of such fact he, the petitioner, was entitled to be awarded compensation from the respondent. The latter filed an answer denying the allegations of the petition.

The trial justice in the superior court entered a final decree in which he specifically found, among other things, that the petitioner "was not a dependent, either wholly or partially, on the deceased Bernard J. Foy on February 2, 1937"; and that the reasonable expense of the burial of the deceased was in excess of $300, but that the petition contained no claim for funeral expenses, and that a motion to amend said petition had been made in the superior court and had been denied by that court. The final decree in question concluded by denying and dismissing the petition.

In the appeal now before us the petitioner urges that the trial justice was in error when he made a finding that the petitioner was in no way dependent upon the earnings of his deceased son, and also in refusing to find that the respondent should compensate said petitioner in the sum of $300 on account of the burial expense of the deceased.

That the accident which resulted in the death of Bernard J. Foy arose out of and in the course of his employment, and that the respondent had proper notice of such accident is not questioned herein. At the hearing in the superior court the respondent introduced no evidence and the facts of the case are therefore undisputed.

It appears from the evidence that on February 2, 1937, the petitioner was sixty-nine years of age, was employed by the school department of the city of Providence as a janitor and received wages of $21.60 per week. His son, the deceased, had been employed by the respondent for a considerable time and his average weekly wage for the six months immediately prior to the accident was $32.06. On the above date the son lived with his father in one side of a double cottage. The portion of the house occupied by them contained eight rooms and was hired by the father. He had lived there for many years. His wife died in 1933 and his surviving children, other than the deceased, had before or soon after that date married and moved away.

The evidence also shows that the petitioner paid $15 each month as rent for the place in which he and the deceased lived. The father also paid the bills for light, heat, ice and laundry, for which items he gave specific figures. He also spent $2.20 each week for insurance and various estimated small amounts weekly for tobacco, barbering, newspapers and magazines, carfares, church contributions and miscellaneous items of a like character. In addition, he estimated his yearly expenditures for clothing and furniture replacements. He testified that he saved nothing from his weekly pay other than for his insurance. He paid all of his own personal expenses and all of the household expenses, except that for food, from his own funds. The evidence does show that the deceased each week contributed $15 toward the expense of maintaining the home. This sum was placed by the father in a china ornament in the house, and was used for the purchase of food. The evidence further shows that there was no surplus remaining from the father's earnings and from the contribution of the son at the end of each week. Apparently all of this money was needed and used for the personal and household expenses of the father, in order to provide a home for himself and his son.

The respondent contends that the finding by the trial justice that the petitioner was not dependent upon his son was a finding of fact supported by legal evidence, and hence was conclusive in the absence of fraud, which is not suggested in the instant case. See G. L. 1923, chap. 92, art. III, sec. 6, as amended. *Bernier* v. *Narragansett Electric Co.,* 56 R. I. 438. In support of its position the respondent also calls our attention to the language of G. L. 1923, chap. 92, art. II, sec. 7 (c) which reads as follows: " . . . In all other cases questions of entire or partial dependency shall be determined in accordance with the fact as the fact may have been at the time of the injury. . . ." The respondent argues, therefore, that the question of dependency is not now before us.

The petitioner, however, maintains that the question for determination by the superior court was the legal effect of unquestioned facts and that being the case, the question became one of law and not of fact and its decision is properly reviewable by this court on appeal. *Lupoli* v. *Atlantic Tubing Co.,* 43 R. I. 299; *Bacon* v. *United Electric Rys. Co.,* 51 R. I. 84. By the terms of the workmen's compensation act itself our jurisdiction is, of course, limited on appeal to the review of questions of law or equity only. G. L. 1923, chap. 92, art. III, sec. 7.

Upon consideration, we are of the opinion that the portion of the act called to our attention and quoted above is intended primarily to fix the time at which the question of dependency is to be determined, and not to make by statute such question one of fact only. While undoubtedly the issue of dependency in the present case was largely one of fact, in our judgment a question of law was also involved in the determination of such issue. That was the question of what standard or rule of law should be applied by the trial justice to the facts as found by him, when he was called

upon to decide whether or not dependency existed at the time fixed by the statute.

Such question of law may properly be reviewed by us on appeal in a case of this kind. In *Jillson* v. *Ross*, 38 R. I. 145, at 153, this court held: "In petitions brought under this act the findings by the Superior Court of the ultimate facts of the controversy, in many instances, will involve and be based upon conclusions of law, as for instance in regard to the legal effect of the terms of a contract, the validity of an alleged marriage, and concerning many other legal questions that may arise under these petitions. In a broad sense such findings are findings of fact, and although the act provides that they shall be conclusive, nevertheless they may be reviewed by this court upon appeal in so far as they involve the determination of such questions of law."

The courts of last resort in other states, construing language in workmen's compensation acts similar to the language of our statute, have spoken to the same effect. In Massachusetts it was held that the lower tribunal's findings of fact are final, but whether the law applying to the facts was correctly interpreted was held to be a question of law. *Sponatski's Case*, 220 Mass. 526; *Kenney's Case*, 222 Mass. 401. And in Connecticut it was said: "The ultimate question is the application of the proper standard to the facts found. . . . The court may review the standard applied; it cannot review the facts found . . . ." *Appeal of Hotel Bond Co.*, 89 Conn. 143, 93 A. 245, 249.

We have examined cases from many other states and we find that it is apparent from all of them that the courts of last resort do not hesitate to review the findings of the lower tribunals in workmen's compensation cases in order to determine whether or not the fact-finding tribunal, in reaching its conclusions of fact, has been guided by the correct rule of law.

Of course it is well settled with us, as indicated by *Jillson* v. *Ross, supra,* and later by *Collins* v. *Cole,* 40 R. I. 66, *Martin* v. *Narragansett Elec. Lighting Co.,* 49 R. I. 265, 267, that, as stated in the last-cited case, "While we have no authority to review a finding of fact based upon conflicting evidence, if there is no evidence in support of the finding it is our duty to apply the law although the result be a reversal of such findings of fact."

In the instant case the trial justice incorporated in the decree a finding on the evidence before him that the petitioner was not dependent for support upon his deceased son. That finding is admittedly a finding of fact, but it is based upon the trial justice's interpretation of what is meant by the term dependent as used in the statute. Whether his interpretation of the statute, which was necessarily antecedent to his finding of fact, was correct, is clearly a question of law.

General laws 1923, chap. 92, art. II, sec. 8, deals with the matter of dependency. It reads as follows: "No person shall be considered a dependent unless he is a member of the employee's family or next of kin, *wholly or partly dependent* upon the wages, earnings or salary of the employee for support *at the time of the injury.*" (italics ours) Dependency for support must be shown in order to have the statute apply. This court had occasion to set out the law regarding dependency in *Dazy* v. *The Apponaug Co.,* 36 R. I. 81. The following language was used at page 85: "The test of dependency is not whether the petitioner, by reducing his expenses below a standard suitable to his condition in life, could secure a subsistence for his family without the contributions of the deceased son, but whether such contributions were needed to provide the family with the ordinary necessaries of life suitable for persons in their class and position. . . . The petitioner is not bound to deprive himself of the ordinary necessaries of life to which he has

been accustomed in order to absolve the respondent from the payment of damages nor can he on the other hand demand money from the employer for the purpose of adding to his savings or investments."

In deciding the instant case the trial justice was confronted with certain undisputed facts in the evidence to which he was called upon to apply the rule of law above set out. The facts in evidence as shown by his decision left no doubt of the ultimate fact that all of the earnings of the father and the contribution of his son were expended for the necessaries of life to which he was accustomed at the time of the injury to his son. Nowhere in his decision does the trial justice indicate, much less find, that this expenditure was not necessary or that it was incurred to provide savings or investments, or luxuries beyond what would be permissible to one in the petitioner's class or station in life. Nor does he indicate that the petitioner, who testified concerning these expenditures, was not worthy of belief.

On the contrary, it would seem that the trial justice took the petitioner's testimony at its face value but decided nevertheless that it was necessary for the petitioner to show that he could not have supported himself on his own weekly wages of $21.60, which he was receiving at the time of the injury to the deceased. And in this connection the trial justice states in his decision that the evidence does not warrant a finding of partial dependency of the petitioner on the deceased, and adds: "The weekly wage which he received repels any such conclusion." In other words, the trial justice misconceived or misinterpreted the rule of the *Dazy* case, *supra,* by applying only the first part of it and overlooking the latter part which says: "The petitioner is not bound to deprive himself of the ordinary necessaries of life *to which he has been accustomed* in order to absolve the respondent from the payment of damages . . . ." (italics ours)

There is not the slightest suggestion in the finding of the trial justice in the instant case that the father was able to save any money from his earnings and the contribution of his son. His son's contribution did not result in the creation of a surplus in the weekly budget of the family as was the fact in the *Dazy* case, which persuaded the court to hold in that case that dependency of the father upon the son's earnings for support had not been proved. In our examination of a great number of cases of dependency in other states, we have not found one in which nondependency was found on similar facts tested by a rule like the one enunciated by this court in the *Dazy* case, *supra.*

A dependent is not required to live on the barest necessities of life. Most authorities are in accord that he is entitled to continue to live as he did at the time of the injury to the deceased. In the instant case there is no finding that the petitioner was living beyond his station in life. The record is devoid of any evidence of luxuries. Mere mathematical computation is sufficient to show that he could not continue to live, as he was accustomed to, on $21.60 a week. Clearly to do so he needed additional income. This need shows a partial dependency on the deceased which was met before the death of the deceased by his weekly contribution of $15. It would seem, therefore, that the trial justice must have actually decided on the basis that the petitioner ought to be able to support himself in the future on $21.60 a week. Such a view disregards the requirement of the statute that the dependency is to be determined *as of the time* of the injury.

The respondent acknowledges in its brief the difficulty of finding a case in point on the facts of the instant case, and it appears to rely very largely on *Doherty's Case*, 277 Mass. 339, and *In re Tippy*, 13 N. C. C. A. 327, Ohio Industrial Comm., No. 99,016, July 19, 1915. Neither case, in our opinion, is of any assistance.

The *Doherty* case is clearly in the same category as the *Dazy* case, *supra,* in that the evidence plainly showed that the deceased son's earnings were not needed or used for the father's support or for the support of his family but represented, as the court said, the reception by the father of a benefit. The court further said the evidence showed that the father was self-sustaining, earning $42 a week as a policeman in the city of Boston, and that he supported his family out of such earnings.

The *Tippy* case is an early case by the Ohio Industrial Commission and is merely summarized in a note in the cited compilation of negligence and compensation cases. It does not seem to be like the instant case, although the respondent says in its brief that it is nearly identical. In any event, the conclusion of the commission that it was to be presumed that the father was able to live on his own earnings without outside assistance does not appeal to us as consistent with the rule laid down in *Dazy* v. *The Apponaug Co., supra,* by which, in this state, the question of dependency is tested.

*Ferriter's Case,* 269 Mass. 267, 168 N. E. 747, also cited by the respondent and quoted at length in its brief is clearly not in point. There an adult son lived with his father but did no work at all and did not try to support himself, because he could not find work which was to his liking in the city where he lived; and he did not seek it elsewhere because his father did not want him to leave home. The court sustained a finding by the fact-finding tribunal of nondependency of the son on his deceased father, on the ground that the petitioner, having the ability to work and not proving that such ability was not a resource reasonably available to him for his own support, he had not shown that he was dependent upon his father within the meaning of the workmen's compensation act. That case is an unusual one, and certainly the ground relied upon by the court for its

support of the lower court's finding of nondependency is not present here.

We are of the opinion that if the trial justice in the instant case had correctly applied the rule relating to dependency as set out in the statute and enunciated in *Dazy* v. *The Apponaug Co., supra,* he would have been compelled, in view of the undisputed and undiscredited evidence of the petitioner, to find that, at the time of the injury to the deceased, the petitioner, considering his position and condition of life, was partially dependent on the deceased for support for the ordinary necessaries of life to which the petitioner had been accustomed. To put it in another way, the trial justice's finding of nondependency is, in our opinion, without substantial evidence to support it under a proper application of the law to the facts. Therefore, his finding must be reversed as an error of law.

Having held that the finding of nondependency of the petitioner by the trial justice was incorrect and that the petitioner was in fact partially dependent upon his son's earnings for support at the time of the injury, the question now arises as to the amount of compensation to which he is entitled. Under our statute if "death results from the injury" and if "the employee leaves dependents only partly dependent upon his earnings for support at the time of the injury, the employer shall pay such dependents . . . a weekly compensation equal to the amount of the average weekly contribution by the employee to such partial dependents, not exceeding the weekly payments herein provided for the benefit of persons wholly dependent . . . ." G. L. 1923, chap. 92, art. II, sec. 6 as amended by P. L. 1936, chap. 2290, sec. 5 and chap. 2358, sec. 5.

Originally until 1936, the method of computing such compensation was stated in our statute as follows: " . . . the employer shall pay . . . a weekly compensation equal to

the same proportion of the weekly payments herein provided for the benefit of persons wholly dependent as the amount contributed annually by the employee to such partial dependents bears to the annual earnings of the deceased at the time of the injury." But the amendment of 1936 has made a fundamental change in the method of computation by providing, in unmistakable language, that payment is to be made of "a weekly compensation equal to the amount of the average weekly contribution by the employee to such partial dependents, not exceeding the weekly payments herein provided for the benefit of persons wholly dependent . . . ." Applying this rule, the undisputed evidence shows such average weekly contribution in the instant case to be $15. Since this rule neither expressly nor by implication requires us to determine and deduct what benefit, if any, the deceased employee received out of such weekly contribution, we find that the petitioner is entitled, as a partial dependent of the deceased employee, to a weekly compensation of $12 a week, this being the maximum allowed by the act to persons totally dependent, which cannot in any event be exceeded for a partial dependent.

The question in regard to the deceased's burial expense remains to be considered. General laws 1923, chap. 92, art. II, sec. 9, as amended, is as follows: "If the employee dies as a result of the injury, the employer *shall pay* in addition to any compensation provided for in this chapter the reasonable expense of his last sickness and burial, which shall not exceed three hundred dollars." (italics ours) It will be noted that the language here employed is in form mandatory. However, in G. L. 1923, chap. 92, art. III, sec. 2, as amended, which provides what shall be set out in a petition filed under the act when no agreement has been reached, the following language appears: " . . . and such other facts as may be necessary and proper for the information of the commissioner, and shall state the matter in dispute and the claims of the petitioner with reference thereto."

In this section there is no requirement in specific language that the item of burial expense be set out in the petition. The printed reference therein to such expense may perhaps have been inserted for the convenience of the parties, or of the commissioner, or for use in the event of a dispute concerning that item. In the instant case it is clear from the transcript of the evidence that there was no dispute concerning the deceased's burial expense, either as to its amount or as to the manner in which it had been incurred. The only dispute between the parties in this connection relates to the form of the petition.

In the petition now before us the printed portion thereof referring to the burial expense was not struck out, but two blanks, one for the amount of such expense and the other for the name of the person who had incurred it, were not filled in. The petitioner, after the case reached the superior court, moved to amend his petition by filling in the blanks in question. The trial justice denied this motion substantially on the ground that all matters under the workmen's compensation act, both as to substantive rights and as to procedure, were statutory, and that he could not find in the act any authority for allowing such an amendment by the superior court.

Undoubtedly the general holding of the trial justice that proceedings under the workmen's compensation act are statutory in their nature was sound. Further, in such act, in its present form, there is no provision specifically giving to the superior court power to permit amendments to any of the pleadings. However, upon consideration, we are of the opinion that, on the petition as drawn and on the evidence submitted, the petitioner was entitled to an award against the respondent on account of the burial expense of the deceased; and that in order to obtain such award it was not necessary that the petition herein be amended.

Unquestionably, in view of the provisions of sec. 2, art. III, as amended, *supra,* it is the better practice, when a claim is being made for burial expense, to set out the name of the person who incurred such expense and its amount, in the designated place in the petition. However, in the present case the name of such person, the petitioner, and the amount of the expense, $467, appeared in evidence and neither were questioned or disputed by the respondent. Also, the latter raised no question of surprise in this connection.

Taking into consideration these circumstances, and the fact that the reference to burial expense was retained in the petition, although in an incomplete form, when such petition was executed and filed; and also the fact that, under the terms of sec. 9, art. II, as amended, *supra,* a mandatory duty was placed upon the employer to pay the burial expense up to the sum of $300, it is our opinion that the trial justice was in error when he found that the petitioner was not entitled to recover from the respondent any sum on account of the deceased's burial expense. In our judgment the present petition, although in an unsatisfactory form as to the item of burial expense, was sufficient, under all the circumstances, to support an award for such expense, and that the question of amending such petition was not material or controlling. In a somewhat similar situation it was held in Kentucky that burial expenses were payable although not expressly applied for. *Atlas Coal Co.* v. *Wylie,* 272 Ky. 590.

We find, therefore, that the petitioner is entitled to recover from the respondent the deceased's burial expense up to the amount of $300. As the trial justice has found that this expense exceeded that sum, the petitioner should be paid that amount by the respondent.

The decree appealed from is reversed, and the cause is remanded to the superior court for entry of final decree in accordance with this opinion.

BAKER, J., dissenting. While I am in accord with the result reached by the majority of the court that the petitioner should recover the deceased's burial expense, I am unable to agree with the finding of said majority that the decision of the trial justice on the question of dependency should be reversed.

As noted in the majority opinion, under the circumstances of this case and under the pertinent provisions of our act the petitioner must be wholly or partially dependent *for his support* upon the deceased in order to obtain compensation from the respondent. The standard or test of such dependency in this state has been set out in the case of *Dazy* v. *The Apponaug Co.,* 36 R. I. 81, which case is referred to and quoted from in the court's opinion herein. As laid down in that case, the general test of dependency upon contributions from the deceased is: "whether such contributions were needed to provide the family with the ordinary necessaries of life suitable for persons in their class and position."

This general rule is explained and further defined by the court's statement in that case as follows: "The petitioner is not bound to deprive himself of the *ordinary necessaries of life* to which he has been accustomed in order to absolve the respondent from the payment of damages . . . ." (italics mine) In my opinion this means that, because of an injury to an employee, a petitioner is not entitled to enjoy *more* of the ordinary necessaries of life than he enjoyed before that occurrence; and also means that he is not entitled to enjoy *as much* as before said time, if he was then enjoying more than the ordinary person in his class and position.

An examination of the rescript of the trial justice shows that, in coming to his decision, he had in mind, and apparently applied to the evidence before him, the above-mentioned standard or test as to dependency. In this respect,

in my opinion, he acted properly and committed no error of law which is reviewable by us. As pointed out in the majority opinion, under the workmen's compensation act our jurisdiction on appeal is limited to the review of questions of law or equity. Further, it has been held repeatedly by this court that the matter of dependency is a question of fact. *Sweet* v. *The Sherwood Ice Co.*, 40 R. I. 203; *Corria* v. *Fink Brothers*, 45 R. I. 80; *Martin* v. *Narragansett Elec. Lighting Co.*, 49 R. I. 265. In the case last cited the court used the following language at page 267: "It was argued by counsel for the two children that there was no evidence warranting a finding that the boy was in no respect dependent upon his father. Said finding was a finding of fact. Section 6 of Article III of said chapter provides that findings of fact by the trial justice are conclusive in the absence of fraud. . . . However, it is a question of law whether there is any evidence to support a finding of fact."

It becomes necessary, then, to determine whether or not there is any legal evidence in the instant case to support the finding of the trial justice. It appears from such evidence that certain items of the petitioner's expenses were estimates or approximations. In order to reach a proper decision on the question of dependency the trial justice had the right, when he applied the said standard or test to the evidence, to determine therefrom what were the ordinary necessaries of life suitable for the petitioner, considering his class and position, and what were the necessaries to which he had been accustomed. From an examination of the transcript of the evidence herein, in my judgment it cannot be held that there was no legal evidence whatever to support the finding of the trial justice that, under the test set out in the *Dazy* case, the petitioner was not dependent for his support on the deceased at the time of the injury in question.

250

I am of the opinion, therefore, that the decision of the trial justice on the question of dependency should be sustained.

Moss, J., concurs in the opinion of Mr. Justice Baker.

*Carroll & Dwyer, Edward F. J. Dwyer,* for petitioner.

*Clifford A. Kingsley, Francis V. Reynolds,* for respondent.