JAMES C. SILVIA *vs.* NEWPORT SHIPYARD, INC.

APRIL 12, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is an employee's appeal from a decree entered in the superior court on January 25, 1947, which denied and dismissed an original petition for compensation for partial or total disability.

An examination of the record discloses the following facts. The petitioner, a carpenter, sustained an injury on October 24, 1942 arising out of and in the course of his employment with the respondent. While planing a board, which tipped over, his right hand came in contact with a knife, or some other planing instrument, resulting in the necessary amputation of the first phalanx of the thumb and two phalanges of the index finger.

A preliminary agreement dated November 13, 1942 was entered into by the parties and allowed ordinary compensation of $20 per week during the period of total incapacity, based on an average weekly wage of $56.34. On December 4, 1942 the parties entered into another agreement which provided for payments at the rate of $20 per week for fifty-seven weeks, as specific compensation for the loss of "one joint right thumb and two joints right index finger."

Both agreements were duly approved by the director of labor.

The petitioner resumed work on December 15, 1942 as a watchman and continued working until the end of December when he was offered a job in the carpenter shop. Claiming he was unable to do this work, he left his employment and stayed away until February 11, 1943 when a compensation agreement and settlement receipt was signed, by which it was agreed that the petitioner was able to work at a standard wage per week. He did not return as a carpenter, however, but was given work painting and washing boats at the same hourly rate as when he was employed as a carpenter. He remained at this work until he was discharged on June 4, 1944 for not reporting to work on a certain Sunday morning at seven o'clock.

A week later he found employment in a nursery, digging and planting trees, at $36 per week, but after three weeks he had to give up this job because it was too heavy and the work hurt his hand. Early in July 1944 he found employment as a gardener in Newport, at a wage of $120 per month, and he continued at such work up to the time of the trial in the superior court on April 9, 1946.

The trial justice found as a fact that the petitioner was partially disabled, but that he had not suffered a loss of earning capacity because of this partial disability. While admitting that, in the absence of fraud, findings of fact by a trial justice are conclusive, the petitioner contends that if the record discloses that a finding of fact is entirely without legal evidence tending to support it, such finding amounts to an error of law and will be reviewed on appeal and set aside. This contention is supported by decisions of this court. *Jillson* v. *Ross,* 38 R. I. 145; *Foy* v. *Juillard & Co., Inc.,* 63 R. I. 233.

The petitioner claims, and the record supports this contention, that even the position from which he was discharged paid him an average weekly wage of $43.42 as against his average weekly wage of $56.34 at the time of

his injury. And this is the highest average weekly wage he has received since he returned to work on February 11, 1943. There is no testimony that the petitioner has been able to resume his work as a carpenter. When the respondent offered him that job, he refused on the ground that he was unable to do such work. That the respondent concurred in this claim is evidenced by the fact that Antone R. Correia, the respondent's superintendent, testified at the trial as follows: "He (Silvia) took the glove out of his hand and he said, 'I can't work with these fingers like that.' I said, 'You are not going to do any work, but you have to remove your coat and put your overalls on, so that the Lieutenant would not catch you with your good clothes on.' It was to make believe he was working, because I was sorry for him." The petitioner was certainly not a malingerer. For nearly sixty-six weeks he was employed at an admittedly hard job, doing outside work, partly during the cold months of the year.

The trial justice, however, has entirely overlooked the fact that in whatever job the petitioner has held since his injury, *including* the one from which he was discharged, his average weekly wage has never equalled the average weekly wage he was receiving at the time of his injury. There is evidence to support the trial justice's finding that the petitioner was partially incapacitated. But we can find nothing in the record, either by way of testimony or reasonable inference therefrom, tending to support his finding that there was no causal connection between the petitioner's injury and the diminution in his earning capacity which he suffered thereafter.

We are therefore of the opinion that such finding amounts to an error of law, and that the petitioner is entitled to partial compensation, in accordance with the provisions of the act, from February 11, 1943 for those weeks in which he has not earned a wage equal to his average weekly wage of $56.34.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for the entry of a decree in accordance with this opinion.

ON MOTION FOR REARGUMENT.

MAY 28, 1948.

PER CURIAM. After our decision in the above case the respondent asked and received permission to file a motion for reargument. Pursuant to this permission it has filed such a motion, setting out therein certain reasons on which it bases its contention that justice requires a reargument of the case. We have carefully considered those reasons and we are of the opinion that they do not warrant a reargument of the case.

Motion denied.