RICHARD A. HOEHN's (dependents') CASE.

Essex.    October 6, 1950. — December 1, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Workmen's Compensation Act*, Dependency; Procedure: findings by Industrial Accident Board. *Parent and Child. Words,* "Find and rule."

A statement in a decision by the Industrial Accident Board in a workmen's compensation case that it "find[s] and rule[s]" absence of dependency of the claimant on the employee imported that such conclusion was permissible as matter of law and found as matter of fact.

The Industrial Accident Board in a workmen's compensation case arising out of the death of the employee correctly ruled that a parent of the employee not entitled to a presumption of dependency on him "must show need, and dependence for support on . . . [his] earnings" in order to obtain compensation.

Evidence of the earnings, property and financial arrangements of a nineteen year old employee, his parents and his brother making their home together as a family warranted a finding by the Industrial Accident Board that the parents were not dependents of the employee within the workmen's compensation act and were not entitled to compensation upon his death arising out of and in the course of his employment.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Brogna*, J.

*J. J. Berger*, for the claimants.

*E. C. Uehlein*, for the insurer.

WILLIAMS, J. This is an appeal by Richard O. Hoehn and his wife Elizabeth Hoehn from a final decree of the Superior Court dismissing their claim for death payments under the workmen's compensation act. It was admitted that their son Richard A. Hoehn was killed on July 15, 1948, while in the employ of the American Woolen Company, and that his death arose out of and in the course of his employment. The issue is that of dependency. The "findings and decision" of the reviewing board state that "On consideration of all the evidence we find and rule that the claimants were not dependent for support upon the earnings of the deceased at the time of his fatal injury and deny their respective claims for compensation." The words "find and rule" import that the conclusion stated is permissible as matter of law and is found as matter of fact. *Roney's Case*, 316 Mass. 732, 734. It is the contention of the claimants that this finding is erroneous because based upon the ruling stated in the decision that "the claimants must show need, and dependence for support on the earnings of the deceased."

There was evidence that the decedent, who was nineteen years of age, made his home with his parents, as did a younger brother sixteen years old. The parents owned their own home subject to a mortgage. Richard O. Hoehn earned $75 to $77 per week. The younger brother, who was a student, earned from $4 to $10 a week in the summer. The mother was employed and had during the year preceding her son's death earned $1,189.48, receiving a salary of $42 per week. The decedent earned about $50 per week. All members of the family turned over their earnings to the mother who used the money to operate the household, make tax and mortgage payments, buy clothing, pay medical expenses, and make repairs on the house. The decedent received about $7 per week back from his mother for spending money. The father owned two automobiles which apparently were used for pleasure. There was no presumption of dependency in the present case under the provisions of G. L. (Ter. Ed.) c. 152, § 32, as amended, and the burden was upon the claimants to prove that they or either of them was

"wholly or partly dependent upon the earnings of the employee for support at the time of the injury." C. 152, §§ 1 (3), 31, as amended. *Ferriter's Case*, 269 Mass. 267, 268. It is not enough to show that the money received from the son was a benefit to the claimants or the claimants' family. There must be evidence that the claimants depended in some degree for their support upon the earnings of the son and that there was "need" on the part of the parents for contributions from the son. *Doherty's Case*, 277 Mass. 339, 341. *Musgrave's Case*, 281 Mass. 416, 421. The statute, however, does not "require absolute poverty on the part of the dependent, although it does imply some degree of need." *Connor's Case*, 295 Mass. 106, 109. "Though proof that a person could not have subsisted without aid from the employee is not essential to establish the existence of a relation of dependency . . . dependency implies some degree of need. This is a clear inference from the cases in which the financial ability or the ability to work of the alleged dependents has been taken into consideration as material." *Ferriter's Case*, 269 Mass. 267, 270, and cases cited.

The ruling of the board on the law and its finding of fact were distinct and separate. The ruling was correct and the finding was supported by the evidence. See *Di Clavio's Case*, 293 Mass. 259, 264.

*Decree affirmed.*