RAYMOND L. PUGH'S (dependent's) CASE.   June 22, 1962.   Decree affirmed.   This is an appeal by the claimant mother from a final decree of the Superior Court dismissing the claim for compensation for the death of her son.   The decree was based upon a decision by the single member which was affirmed by the reviewing board.   The single member found that the deceased was employed by the insured lessee of a ballroom as a "part-time janitor whose sole duty . . . was to clean up the ballroom after dances which were held weekly on Friday and Saturday nights"; that the deceased was furnished, at his request, a small room in the basement of the building which he occupied as his home; that there was no dance on Friday, April 15, 1960, it being Good Friday, but one was held the next evening, April 16, 1960; that neither the employer nor his floor manager had seen the deceased on Friday or Saturday; and that the deceased was found on the evening of April 16, between 11:00 and 11:30 P.M. lying fully clothed on the floor of his room.   His death on April 17, 1960, was caused by a "rupture of aorta hemopericardium."   The single member also found that the "claimant has failed to prove that the case is one coming within the provisions of [G. L. c. 152] § 7A" and that she failed to establish her claim of dependency.   There was no error.   There was substantial evidence that the claim did not arise out of or in the course of the deceased's employment and, therefore, the statutory presumption of § 7A has no application.   *LeBlanc's Case,* 332 Mass. 334, 337.   Furthermore, there was no evidence that the claimant was wholly or partially dependent on the deceased for support.   *Hoehn's Case,* 326 Mass. 509, 510–511.
   *Enoch O. Woodhouse, II* for the claimant.
   *Philander S. Ratzkoff* for the insurer.